UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOROSS LIMITED PARTNERSHIP,

    Plaintiff,

vs.                                                    Case No. 01-74307

FLECKENSTEIN CAPITAL, INC.,                HON. AVERN COHN
et al,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

I.

This is a securities fraud case. Plaintiff Moross Limited Partnership (Moross) sued defendants, Fleckenstein Capital, Inc. (Fleckenstein Capital), the RTM Fund, L.P. (RTM) and William Fleckenstein (Fleckenstein) claiming that defendants committed fraud in connection with certain investments of Moross with defendants. Moross claimed: (1) violation of Michigan's Uniform Securities Act, (2) accounting, (3) common law fraud, and (4) breach of fiduciary duty. Moross sought compensatory and exemplary damages. Essentially, Moross said that defendants carried out a scheme, which it called "cherry-picking," by which "winning trades" were assigned to Fleckenstein's personal account (the Fleckenstein Account) while "losing trades" were assigned to the RTM Fund.

Defendants filed a renewed motion for summary judgment on the grounds that there was insufficient evidence to require Moross' claims to go to trial and Moross filed a

1

cross motion for partial summary judgment on his "misrepresentation claim."  The Court granted defendants' motion and denied Moross' motion, finding that "Moross have been afforded every indulgence to make out a case for trial and based on the record as it [stood], it has failed to produce sufficient evidence of its claims to allow the case to go to a trier of fact."  See Memorandum and Order filed July 19, 2005.

Before the Court is Moross' motion to alter or amend the judgment.  For the reasons that follow, the motion will be denied.

II.

Moross has filed its motion under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P.60(b). Rule 59(e) provides that a motion to alter or amend the judgment shall be filed within ten days of entry of the judgment.  Rule 59(e) motions are generally granted where (1) there is an intervening change in the law, (2) newly discovered evidence, and (3) to correct a clear error of law or prevent manifest injustice.  See Valassis Communications v. Dennis D. Garberg & Assoc., Inc., 2002 WL 31236199 (E.D. Mich. Aug 30, 2002). Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment."

Although Moross cites to Rule 59(e) and Rule 60(b), the instant motion is more properly considered as a motion for reconsideration within the confines of the local rules in this district.  E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that

2

correcting the defect will result in a different disposition of the case.

III.

Having carefully reviewed Moross' motion, including a supplemental paper entitled "plaintiff's supplement concerning conflict of interest," the Court is satisfied that it did not err in granting summary judgment to defendants.  Moross' motion simply presents the same arguments previously considered and rejected in the Court's July 19, 2005 order.  Accordingly, Moross' motion is DENIED.

SO ORDERED.


                                s/Avern Cohn
Dated:  August 19, 2005           AVERN COHN
                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 19, 2005, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160